IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>BRANDON E. PRAYER,<br><br>              Defendant. | 8:04CR440<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Brandon E. Prayer's (hereinafter, "defendant") amended motion to vacate, set aside, or correct his sentence under § 2255. Filing No. 71. He challenges his conviction and seven-year mandatory minimum sentence for using, carrying and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The present motion is Prayer's first motion under 28 U.S.C. § 2255. The court held a hearing on November 17, 2016, and ordered additional briefing.

I.     BACKGROUND

Prayer was charged in a five count superseding indictment with three counts of bank robbery in violation of 18 U.S.C. § 2113 and two counts of carrying and brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(C). The crimes of violence were two of the bank robberies. On August 3, 2007, Prayer entered pleas of guilty to all three bank robbery charges and to one count of brandishing a firearm, in violation of 18 U.S.C. § 924(c). Filing No. 48. He was sentenced to three concurrent terms of 110 months' imprisonment for the bank robberies and to an additional consecutive 84 months for the weapons charge. Filing No. 58.

Prayer seeks relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In that case, the Supreme Court held that "imposing an increased sentence under the residual

clause under the Armed Career Criminal Act [of 1984 (("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii),] violates the Constitution's guarantee of due process." *Id.* at 2563. The portion of the ACCA that the Court found unconstitutionally vague defined "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 2555–56 (emphasis omitted) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). Consequently, imposing an increased sentence pursuant to the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), violates due process under the Fifth Amendment.[1] *Id.* at 2563. The decision in *Johnson* was given retroactive effect in cases on collateral review by the Supreme Court. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).[2]

The Supreme Court later found that, to determine whether a prior conviction is for a generic form of burglary, arson, or extortion, as predicate violent felony offenses under the ACCA, courts must apply a categorical approach, which focuses solely on whether the elements of the crime of conviction sufficiently match the elements of the generic offense, i.e., the elements for the crime of conviction are the same as, or narrower than, those of the generic offense, while ignoring the particular facts of the case. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (June 23, 2016). A crime that criminalizes a broader swath of conduct than the generic offense of burglary cannot qualify as an ACCA predicate. *Id.* at 2251.

---

[1] The Court did not invalidate the other clauses of the ACCA's definition of "violent felony." *Id.* at 2563. Those are crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), and the four enumerated crimes of burglary, arson, extortion or crimes that involve the use of explosives, *id.*,§ 924(e)(2)(B)(ii).

[2] The United States Supreme Court has granted review in a case presenting the question whether *Johnson* extends to the residual clause in 18 U.S.C. § 16(b), which contains the same language as 924(c). *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, ––– U.S. –––, 137 S. Ct. 31 (Sept, 29, 2016). The Supreme Court is also addressing the issue of whether its holding in *Johnson* extends to the corresponding Guidelines career-criminal enhancement and whether its holding would apply retroactively to cases on collateral review. *Beckles v. United States*, 616 Fed. App'x 415 (11th Cir. 2015), *cert. granted*, ––– U.S. –––, 136 S. Ct. 2510 (June 27, 2016).

2

The defendant argues, in light of *Johnson* and *Mathis*, that bank robbery does not categorically require the element of "use, attempted use, or threatened use of physical force against the person or property of another" because the statute also criminalizes bank robbery by intimidation and bank robbery by means of extortion.  He contends that his conviction for carrying or brandishing a firearm during and in relation to a crime of violence is invalid because bank robbery under 18 U.S.C. § 2113(a) is not a crime of violence and cannot subject him to conviction under 18 U.S.C. §924(c).  The government argues that the defendant's positon is foreclosed by Eighth Circuit precedent, citing *United States v. Prickett*, 839 F.3d 697, 698 (8th Cir. 2016).[3]

II.     DISCUSSION

Under 28 U.S.C. § 2255, a court may grant relief to a federal prisoner who moves to vacate, set aside or correct his sentence on any of the following grounds:  (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Section 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See *United States v. Addonizio*, 442 U.S. 178, 185 (1979).  Relief is reserved for violations of constitutional rights and for a narrow range of injuries that are outside the ambit of a direct appeal and which, if untreated, would result in a miscarriage of justice.  See *Poor Thunder v. United States*, 810 F.2d 817, 821–22 (8th Cir. 1987).

The statute at issue provides specified mandatory minimum consecutive sentences for persons convicted of a "crime of violence" who possess, use, carry or brandish a firearm

---

[3] The defendant acknowledges this precedent, but seeks to preserve the issue for appeal.

3

during and in relation to or in furtherance of that violent crime.  18 U.S.C. § 924(c)(1)(A).  For the purposes of § 924(c), a "crime of violence" is defined as an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)&(B).

Under Eighth Circuit precedent, the residual clause, § 924(c)(3)(B), is not void for vagueness under *Johnson*.  *Prickett*, 839 F.3d at 699 (joining the Second and Sixth Circuits in upholding § 924(c)(3)(B) against a vagueness challenge because several factors distinguish the ACCA residual clause from § 924(c)(3)(B)).[4]  This court also finds that where a companion conviction is the predicate crime that underlies the 924(c) conviction, the *Johnson* rationale and holding are not applicable.  Under the present circumstances, the qualitative standard of "substantial risk" is applied to the defendant's real world conduct and not to an abstraction.  This court is not asked to conduct a cold review of a prior conviction to determine whether its elements square with the statutory definition of § 924(c).  This determination does not require the court to set aside the actual facts before it, and to imagine the conduct that would be committed in an archetypical case of bank robbery.

Similarly, the concerns that animated *Mathis* are not at issue here.  The reasons for employing the categorical approach as the "only plausible interpretation" of the law do not

---

[4] The ACCA residual clause defines "violent felony" to include any offense that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), whereas, under § 924(c)(3)(B), "crime of violence" means an offense that is a felony and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

4

exist outside the context of sentencing under recidivist statutes or enhancements. *See Johnson*, 135 S. Ct. at 2562. Section 924(c) is not a recidivist statute, but is a separate, substantive crime.[5] The line of cases culminating in *Mathis* and *Johnson* all had to do with the fundamental fairness of applying a recidivist enhancement to a criminal conviction, in the context of findings made in a prior proceeding. A § 924(c)(3) determination does not require the court to make a determination based on the historical fact of a prior conviction. The issue here is essentially whether the government has established, beyond a reasonable doubt, the elements of the crime that is the predicate for an additional charge that relates to use of a weapon.

In contrast, in the context of ACCA sentencing enhancements, the categorical approach is necessary to avoid the difficult or impossible situation where a sentencing court would be required to re-try the factual basis for a prior conviction. This case does not involve a prior conviction, it involves a conviction adjudicated by this court—the companion crime to the defendant's firearm offense. The court does not make an abstract retrospective finding, but has the benefit of viewing the facts and admissions as presented in this case.

---

[5] The categorical approach does not apply to pretrial determinations as to whether a crime qualifies as a § 924(c) crime of violence. *See United States v. McDaniels*, 147 F. Supp. 3d 427, 432 (E.D. Va. 2015) ("crime of violence" is an element of § 924(c)—rather than a sentencing factor—and must be submitted to a jury and found beyond a reasonable doubt); *United States v. Wells*, No. 2:14-cr-00280-JCM-GWF, 2015 WL 10352877, at *4 (D. Nev. Dec. 30, 2015) (same, finding *McDaniels* analysis persuasive); *United States v. Checora*, 155 F. Supp. 3d 1192, 1196 (D. Utah 2015) (stating that "a court determining whether a prior offense under the ACCA is a violent felony is conducting a cold record review of a prior conviction whereas a court determining a crime of violence under § 924(c)(3) is looking at a predicate crime that is charged in the same case" and "there is no danger of a collateral trial or judge found facts"); *United States v. Church*, No. 1:15-CR-42-TLS, 2015 WL 7738032, at *5 (N.D. Ind. Dec. 1, 2015) (stating "Section 924(c) is not a recidivist statute, and the Court could locate no binding precedent that attempted to apply the categorical approach to § 924(c)"); *United States v. Standberry*, 139 F. Supp. 3d 734, 737 (E.D. Va. 2015) (noting that cases in which the categorical approach has been utilized outside the sentencing contexts are sparse).

Moreover, the underlying crime of bank robbery qualifies as a crime of violence under the "elements" or "force" clause of the statute. 18 U.S.C. § 924(c)(3)(A). In *Johnson*, the Supreme Court did not call into question the application of the elements clause and the enumerated crimes of the ACCA's definition of a violent felony. *Johnson*, 135 S. Ct. at 2563. In the Eighth Circuit, bank robbery in violation of 18 U.S.C. § 2113(a)[6] is indisputably a crime of violence under 18 U.S.C. § 924(c)(3)(A). *Holder v. United States*, 836 F.3d 891, 892 (8th Cir. 2016) (per curiam).[7] Like the ACCA's force clause, § 924(c)(3)(A) requires a court to focus on the elements. The crime of bank robbery has as an element, "the use, attempted use, or threatened use of physical force against the person . . . of another," which

---

[6] That statute provides:

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to . . . any bank . . . Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C.A. § 2113(a) (2015).

[7] Numerous other courts have found robbery, armed robbery, and bank robbery are crimes of violence under the "force" or "elements" clause, § 924(c)(3)(A). *See, e.g.*, *United States v. Hill*, 832 F.3d 135, 143 (2d. Cir. 2016) (Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A)); *In re Sams*, 830 F.3d 1234, 1238 (11th Cir. 2016 (Mem.) (bank robbery by force and violence and intimidation is a crime of violence under 18 U.S.C. § 924(c)(3)(A)); *In re Hunt*, 835 F.3d 1277, 1277 (11th Cir. 2016) (holding that armed bank robbery is a "crime of violence" under the elements clause of § 924(c)(3)); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (a companion conviction for aiding and abetting a Hobbs Act robbery clearly qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A), without regard to the § 924(c)(3)(B) residual clause); *United States v. McBride*, 826 F.3d 293, 295-96 (6th Cir. 2016) (bank robbery by "force and violence" plainly involves "the use, attempted use, or threatened use of physical force," and a taking by intimidation under § 2113(a) involves the threat to use physical force); *Royal v. Tombone*, 141 F.3d 596, 602 (5th Cir. 1998) (noting that a bank robbery conviction under § 2113(a) "includes as a necessary element the use of force and violence or intimidation"); *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016) (a companion conviction for armed bank robbery clearly qualifies as a "crime of violence" under § 924(c)(3)(A) if the record demonstrates that the elements of the crime are satisfied); *In re Saint Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016) (concluding that Hobbs Act robbery under 18 U.S.C. § 1951 is a crime of violence under § 924(c)(3)(A)'s force clause); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (a bank robbery conviction under § 2113(a) qualifies as a "crime of violence" under the § 924(c)(3)(A) use-of-force clause because (1) bank robbery "by force and violence" requires the use of physical force, bank robbery "by intimidation" requires the threatened use of physical force, and "[e]ither of those alternatives includes an element that is the use, attempted use, or threatened use of physical force") (citations omitted)); *see also United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000) (armed bank robbery qualifies as a crime of violence because § 2113(a) requires a taking by force and violence, or by intimidation).

6

is all that is required to satisfy the definition of "crime of violence" under the force clause. Accordingly, the court finds the defendant's amended motion to vacate, set aside, or correct his sentence under § 2255 should be denied.

The defendant was charged with, admitted to, and was convicted of robbery by force, violence and intimidation. The fact that the statute could arguably be violated by conduct encompassing extortion has no applicability to the defendant's case because he was not charged with bank robbery by extortion.

The defendant must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. See Miller-El v. Cockrell, 537 U.S. 322 (2003). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Moreover, "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Miller-El, 537 U.S. at 338 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The court finds the defendant's motion does not present questions of substance for appellate review and, therefore, does not make the requisite showing to satisfy § 2253(c). See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Accordingly, no certificate of appealability pursuant to 28 U.S.C. § 2253(c) will issue. Should the defendant wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. See Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).

IT IS ORDERED:

1. The defendant's motion and amended motion to vacate, set aside, or correct his sentence under § 2255 (Filing No. 65 and Filing No. 71) are denied.

2. No certificate of appealability pursuant to 28 U.S.C. § 2253(c) will issue.

3. A judgment in conformity with this Memorandum and Order will be entered this date.

Dated this 23rd day of January, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge